UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNE ECHEVARRIA, et al.,<br>    Plaintiffs,<br>    v.<br>ACCENTCARE, INC., et al.,<br>    Defendants. | Case No. 15-cv-00676-EDL<br><br>**ORDER REQUIRING FURTHER BRIEFING** |

Plaintiffs filed this case in superior court on January 7, 2015. Defendants removed the case on February 12, 2015, and on February 19, 2015, Defendants filed a motion to compel arbitration. On March 5, 2015, Plaintiffs filed a Federal Rule of Civil Procedure 41(a) Notice of Voluntary Dismissal, and the Court's docket clerk closed the case based on the Rule 41(a) notice. Plaintiffs also filed a Demand for Arbitration with the American Arbitration Association.

On March 18, 2015, Defendants filed this administrative motion to clarify the status of the case. Defendants believe that this case should remain open and active because it could not have been closed without compliance with Federal Rule of Civil Procedure 23(e):

> (e) Settlement, Voluntary Dismissal, or Compromise. The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. . . .

Fed. R. Civ. P. 23(e). A threshold question is whether Rule 23(e) applies to this pre-certification case.

On its face, the current Rule 23(e) applies only to certified classes. However, the prior version of the rule was not so limited and applied to "dismissal or compromise of a 'class action.'" The Ninth Circuit applied that previous version of Rule 23(e) to pre-certification classes, such as this one. Diaz v. Trust Territory of the Pacific Islands, 876 F.2d 1401 (9th Cir. 1989). Since Diaz and the 2003 amendment to Rule 23(e) clarifying that it applies to "certified classes," courts in this

district have expressed uncertainty about whether the Rule still applies to pre-certification settlements or dismissals, but have applied the Rule in that context. See Castro v. Zenith Acquisition Corp., 2007 WL 81905, at *1 (N.D. Cal. Jan. 9, 2007) (pursuant to a proposed settlement and stipulation of dismissal, the court applied the Diaz factors pursuant to Rule 23(e) to determine whether dismissal was appropriate); Houston v. Cintas Corp., 2009 WL 921627, at *1 (N.D. Cal. Apr. 3, 2009) ("Although Rule 23(e) expressly refers to certified classes, before Rule 23(e) was amended in 2003, the Ninth Circuit had held that the rule applied to pre-certification dismissals and compromises," and "assuming without deciding that Rule 23 applies in this instance. . . "); Mahan v. Trex Co., 2010 WL 4916417, at *2 (N.D. Cal. Nov. 22, 2010) (in ruling on a motion to amend the complaint after some class claims were settled, the court applied the Diaz factors without deciding whether they applied to a pre-certification case); Lyons v. Bank of America, 2012 WL 5940846, at *1 (N.D. Cal. Nov. 27, 2012) (stating that the Ninth Circuit extended the Rule 23(e) approval requirement to pre-certification cases, but noting the uncertainty within the district); Tombline v. Wells Fargo Bank, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (noting the uncertainty as to whether Rule 23(e) approval applies to pre-certification cases, but concluding that courts have "generally assumed that it does" apply). These cases arose in the context of settlements and stipulated dismissals, which may well pose a greater danger of harm to absent members of the putative class than under the circumstances here, where Plaintiffs dismissed the case with no agreement from Defendants, and continued to pursue the claims on behalf of the class through a demand for class arbitration. Therefore, it is even more unlikely that the Court's approval is required to protect absent putative class members here.

Nonetheless, in light of the uncertainty, it is prudent for the Court to consider whether Plaintiffs' involuntary dismissal was appropriate under Rule 23(e):

> . . . the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

1    Diaz, 876 F.2d at 1408.  However, the Court lacks sufficient information to apply these factors.

2    Therefore, Defendants shall file a brief, not to exceed five pages, no later than April 3, 2015,

3    addressing the Diaz factors.  Plaintiff may file a response, not to exceed five pages, no later than

4    April 10, 2015.  The Court will take this matter under submission and will inform the parties

5    whether a hearing is necessary.

6    **IT IS SO ORDERED.**

7    Dated: March 26, 2015



ELIZABETH D. LAPORTE
United States Magistrate Judge