Robert J. Kane SBN 50856
rkane@stuartkane.com
STUART KANE LLP
620 Newport Center Drive, Suite 200
Newport Beach, CA 92660
Telephone: (949) 791-5127
Facsimile: (949) 791-5227

Max Fischer SBN 226003
mfischer@sidley.com
Sidley Austin LLP
555 West Fifth Street
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys For Defendants
ACCENTCARE, INC. and ACCENTCARE OF CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEANNE ECHEVARRIA, ROBIN GAIL HAYES, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACCENTCARE, INC., ACCENTCARE OF CALIFORNIA, INC., and DOES 1 through 50,<br><br>Defendants. | Case No. C 3:15-cv-00676-EDL<br><br>**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR CLARIFICATION REGARDING STATUS OF CASE AND TO RELATE AND CONSOLIDATE CASES**<br><br>The Honorable Elizabeth D. Laporte |

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF, FOR CLARIFICATION REGARDING STATUS OF CASE, AND TO RELATE AND CONSOLIDATE CASES
CASE No. 3:15-CV-00676-EDL

Pursuant to the Court's order, dated March 26, 2015 (ECF No. 18), AccentCare, Inc. and AccentCare of California, Inc. (together, "Defendants") hereby respectfully submit this Brief In Support of Defendants' Motion For Administrative Relief for Clarification Regarding Status of Case and to Relate and Consolidate Cases.

Plaintiffs filed this putative class action litigation in contravention of their binding individual arbitration agreements with Defendants. Defendants removed to this Court and timely sought to compel Plaintiffs' claims to individual arbitration based on their binding agreements. *See* ECF No. 6 (the "Motion to Compel"). In an apparent attempt to avoid any order by this Court compelling them to individual arbitration, Plaintiffs purported to voluntarily dismiss this litigation on the very date that their response to Defendants' Motion to Compel was due. *See* ECF No. 15 (the "Dismissal Notice"). However, as set forth below, Plaintiffs' purported voluntary dismissal was improper under applicable local and federal rules. Plaintiffs then reasserted some (but not all) of their claims as a putative *classwide* arbitration before the American Arbitration Association (the "AAA") in further contravention of their binding *individual* arbitration obligations. As a result of Plaintiffs' procedural gamesmanship, Defendants were forced to file a separate petition to compel Plaintiffs' claims to individual arbitration. *See AccentCare, et al v. Echevarria, et al.*, Case No. 4:15-cv-01078-DMR, ECF No. 1 (N.D. Cal. Mar. 9, 2015) (the "Petition to Compel").

Plaintiffs' procedural tactics to avoid federal court and their individual arbitration obligations have flouted this Court's local rules and the Federal Rules of Civil Procedure. As a result, Plaintiffs' Dismissal Notice should be vacated without considering whether the Court *would* approve Plaintiffs' motion to dismiss—a motion that is not before this Court. Dismissal of this case also is improper pursuant to the factors set forth in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989) (the "*Diaz* Factors"), as Plaintiffs have prejudiced absent putative class members by causing unnecessary delay and expense and by abdicating, or at least dilatorily pursuing, their Private Attorney General Act ("PAGA") claims for self-serving reasons, causing the statute of limitations to continue to run with respect to such claims. In short, Plaintiffs' blatant attempt at forum shopping should not be sanctioned by this Court through approval of Plaintiffs' faulty Dismissal Notice.

1

Accordingly, Defendants respectfully request that the Court grant the relief requested in Defendants' Motion for Administrative Relief for Clarification Regarding Status of Case and to Relate and Consolidate Cases (*see* ECF No. 16, hereinafter referred to as the "Administrative Motion"). Alternatively, if the Court decides to approve Plaintiffs' voluntary dismissal, this case and Case No. 4:15-cv-01078-DMR, also currently pending in this District, should be deemed to be related and brought before Magistrate Judge Elizabeth D. Laporte pursuant to Local Rule 3-12.

### I. **Plaintiffs' Dismissal Notice Should Be Vacated**.

This was a "race to the courthouse" in which Plaintiffs—to put it simply—cheated. Plaintiffs raced to dismiss this lawsuit before Defendants could file an answer in this case, but conveniently failed to take time to seek court approval as required by Local Rule ("LR") 77-2 and Federal Rules of Civil Procedure ("Rules") 41(a)(1) and 23(e).[1] Plaintiffs now wish to take advantage of their improper Dismissal Notice by arguing that they *could have* obtained court approval. However, Plaintiffs never sought such permission and they should not profit from their haste. Accordingly, Plaintiffs' Dismissal Notice should be declared null and void.

Vacating Plaintiffs' faulty Dismissal Notice not only would give effect to the technical requirements of local and federal rules, but also—more importantly— would allow this Court to entertain Defendants' Motion to Compel. The obvious purpose of Plaintiffs' improper procedural tactics was to prevent an order by this Court compelling Plaintiffs to individual arbitration. Likely anticipating that the great weight of authority requires courts, not arbitrators, to determine class arbitrability (*see* Motion to Compel at 14) and forecloses class arbitration based on agreements (such as Plaintiffs') that nowhere authorize class procedures (*see id.* at 11-14), Plaintiffs—in an attempted end-run around an adverse judicial determination on the issues—tried to voluntarily

---

[1] Indeed, Plaintiffs did not even specify the subsection of Rule 41(a) under which they were seeking dismissal. Such failure is concerning to say the least, because—as recognized by at least one court—such an opportunistic drafting omission could "suggest[] . . . an intent to create an ambiguity" meant to avoid application of either Rule 23(e) pursuant to Rule 41(a)(1) or the "terms and conditions" language of Rule 41(a)(2) (which would have permitted the Court to award attorneys' fees and costs to Defendants, among other things). *See Whitaker v. Ameritech Corp.*, No. 95 C 2949, 1996 WL 400052, at *4 (N.D. Ill. July 15, 1996). "It is not appropriate for a party to create, by its attorneys' deliberate or careless imprecision, an issue of law which it then uses to its advantage." *Id*. Thus, Plaintiffs should not be allowed to belatedly seek this Court's approval without filing a motion seeking such approval under the proper rule.

dismiss the case from federal court and move some of the claims to a class arbitration before the AAA.  As explained below, Plaintiffs' forum shopping has caused unnecessary delay and expense.  Thus, Defendants respectfully request that the Court vacate Plaintiffs' improper Dismissal Notice.

## II.     The *Diaz* Factors Weigh Against Dismissal In This Case.

In addition, dismissal of this case is also improper because Plaintiffs' evasive procedural tactics have run afoul of the second and third *Diaz* Factors.  *See Diaz*, 876 F.2d at 1408 (requiring the district court to "inquire into possible prejudice," resulting either from a "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations," or "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests").  "Taken as a whole, *Diaz* indicates that notice should be given in any circumstances where putative class members might be subject to prejudicial or unfair impacts." *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014).  Plaintiffs have prejudiced absent putative class members by their dilatory and uncertain pursuit of their PAGA claims and by causing unnecessary delay and expense.

First, Plaintiffs' counsel—in self-serving efforts to avoid their clients' binding individual arbitration obligations—have discarded their clients' PAGA claims in their AAA demand.  As a result, directly contrary to Plaintiffs' counsel's misstatements to the Court in their Opposition to Defendants' Administrative Motion (*see* ECF No. 17 at 3), the statute of limitations on the PAGA claims has continued to run.  Though Defendants continue to deny the merits of any such PAGA claim,[2] Plaintiffs' counsel's dilatory and uncertain pursuit of putative class members' claims ultimately means that individuals who left employment with Defendants more than one year ago are now time-barred from bringing any PAGA claim.  *See* Code Civ. Prac. § 340(a) (setting a one-year statute of limitations on statutes, such as PAGA, to recover a penalty).  This clearly runs afoul of the second and third *Diaz* Factors, which relate to the "lack of adequate time for putative class members to file other actions" due to "a rapidly approaching statute of limitations," and "any concession of

---

[2] Nothing herein is intended as, and should not be construed as, any admission or suggestion by Defendants that any of Plaintiffs' claims, including without limitation their PAGA claims, have any merit.  Defendants continue to deny any wrongdoing whatsoever in this matter.

class interests made by the class representative or counsel in order to further their own interests." *See Diaz*, 876 F.2d at 1408.

Second, Plaintiffs' faulty Dismissal Notice and subsequent putative classwide arbitration demand have caused unnecessary delay and expense to the detriment of putative class members. Specifically, although Plaintiffs could have presented their arguments concerning classwide arbitrability on March 5, 2015 (when their response to Defendants' Motion to Compel was due), counsel for Plaintiffs instead chose to hide from this Court—purporting to dismiss Plaintiffs' claims and lodging a putative class arbitration—all part of an overall scheme to avoid a ruling on whether Plaintiffs' arbitration agreements permit classwide procedures in the first place. As a result of Plaintiffs' tactics, the putative class members' claims are now proceeding in three separate forums—engaging in the current rounds of briefing in this Court, responding to Defendants' Petition to Compel in a separate case in this District, and defending the propriety of the putative class arbitration demand in the AAA. Courts in other jurisdictions have found that similar procedural tactics meant to avoid judicial review, which serve merely to increase litigation costs and inconvenience, prejudice putative class members in contravention of Rule 23(e). *See, e.g.*, *Goldstein v. Delgratia Mining Corp.*, 176 F.R.D. 454, 458 (S.D.N.Y. 1997) (finding prejudice where plaintiffs' counsel attempted to voluntarily dismiss a putative class action lawsuit simply to avoid the jurisdiction of the Judicial Panel on Multidistrict Litigation); *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 176 F.R.D. 566, 571 (D. Minn. 1997) (denying dismissal where plaintiffs sought permission to dismiss solely to re-file in a jurisdiction with more favorable law because approval would "waste the substantial efforts expended by the magistrate judge and this court and would prejudice the defendants by depriving them of a valid defense"), *aff'd*, 187 F.3d 941 (8th Cir. 1999). These cases demonstrate that court approval of putative class dismissals provides judges with a check against forum shopping—precisely what Plaintiffs are attempting to do here.

### III. This Case And Case No. 4:15-cv-01078-DMR Should Be Related.

Regardless of whether or not Plaintiffs' Dismissal Notice is deemed effective in this case, Case No. 4:15-cv-01078 should be related back to this Court. LR 3-12 provides that an action may be related to another that "is *or was*" pending in this District. Civil L.R. 3-12(b) (emphasis added);

*see also* Civil L.R. 3-3(b).  Therefore, this Court's Local Rules expressly provide that a subsequently filed action may be related back to an earlier filed action, even where the earlier filed action has since been dismissed.  *See, e.g.*, *Cook v. U.S.*, No. C 06 05950 RS, 2007 WL 2288121, at *3, n.3 (N.D. Cal. Aug. 7, 2007) (noting that plaintiff could file a "*new* action" and, "[w]ere such action . . . assigned to another judicial officer, any party would be entitled to file a [motion] under Local Civil Rule 3-12(b) and to request that the matter be reassigned to the [judge in the original action]").

Plaintiffs cannot seriously contest that this case and Case No. 4:15-cv-01078 are related.  Both concern the "same parties, property, transaction or event," and there already has been an "unduly burdensome duplication of labor and expense" resulting from these cases proceeding before different judges, as evidenced by Defendants' substantially identical Motion to Compel in this case and Petition to Compel in Case No. 4:15-cv-01078.  *See* Civil L.R. 3-12(a).  Indeed, given that the parties already have engaged in extensive briefing before this Court, including Defendants' Motion to Compel, it would promote judicial efficiency to have this Court continue to preside over the parties' dispute.  Finally, as set forth in the Declaration of Max Fischer in Support of Defendants' Administrative Motion, attached as Exhibit 2 to the Administrative Motion, Plaintiffs' counsel have taken inconsistent and contradictory positions on this issue and have not identified any authority denying the relation of these cases.  Accordingly, and consistent with Plaintiffs' counsel's original position on this issue, these cases should be related.

## IV. Conclusion

Based on the foregoing, Defendants respectfully request the Court to declare that the Dismissal Notice was ineffective, and to grant the relief requested in Defendants' Administrative Motion.  Alternatively, Defendants request that the Court relate this case and Case No. 4:15-cv-01078.  Finally, Defendants request any further relief to which they are entitled.

Dated: April 3, 2015                    Respectfully Submitted,

By: /s/   *Max Fischer*
         Robert J. Kane
         Max Fischer
         *Attorneys for Defendants*

5

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF, FOR CLARIFICATION
REGARDING STATUS OF CASE, AND TO RELATE AND CONSOLIDATE CASES
CASE No. 3:15-cv-00676-EDL

# CERTIFICATE OF SERVICE

I, Max Fischer, hereby certify that on April 3, 2015, I caused the foregoing Brief In Support of Defendants' Motion For Administrative Relief, For Clarification Regarding Status Of Case, And To Relate and Consolidate Cases to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in Case No. C 3:15-cv-00676-EDL. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

By: /s/ *Max Fischer*
Robert J. Kane
Max Fischer
*Attorneys for Defendants*

1

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF, FOR CLARIFICATION REGARDING STATUS OF CASE, AND TO RELATE AND CONSOLIDATE CASES
CASE No. 3:15-CV-00676-EDL

206799448v.5