UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNE ECHEVARRIA, et al., <br>     Plaintiffs, <br> v. <br> ACCENTCARE, INC., et al., <br>     Defendants. | Case No. 15-cv-00676-EDL <br><br> **ORDER DISMISSING CASE** |

This is a wage and hour putative class action case. The case was removed to this Court on February 12, 2015, and on February 17 Defendant filed a motion to compel arbitration and stay proceedings. Both sides consented to the jurisdiction of this magistrate court. On March 5, 2015, the due date for Plaintiffs' opposition to the motion to compel arbitration, Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a) and a docket clerk closed the case. At that time, Plaintiffs also apparently filed a demand for arbitration with the American Arbitration Association seeking to arbitrate claims on a classwide basis. On March 9, 2015, Defendants filed a Petition to Compel Arbitration, arguing that Plaintiffs' claims must be arbitrated on an individual basis. That petition and a subsequent Motion to Dismiss are pending before another judge of this district as AccentCare, Inc. et al. v. Echevarria, et al., 15-cv-1078-JSW.

On March 18, 2015 Defendants filed an administrative motion to clarify the status of this case, which Defendants believe is still open and active even though the docket clerk closed it, and to relate pending case 15-cv-1078 to this dismissed case. Defendants argued that the case should not have been dismissed without a Court order pursuant to FRCP 41(a) and the case should remain open and active because it could not have been closed without compliance with Federal Rule of

Civil Procedure 23(e).

Rule 41(a)(1) provides in relevant part that, "[s]ubject to the provisions of Rule 23(e) . . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service of by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1).  Rule 23(e) in turn provides that, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e).  Defendants also rely on Local Rule 77-2 (Orders Grantable By the Clerk), which provides in pertinent part that the clerk may enter orders without further direction of a Judge, including "Orders of dismissal on consent, with or without prejudice, except in cases to which Fed. R. Civ. P. 23, 23.1, or 66 apply."

On March 26, this Court issued an order noting that Rule 23(e) only facially applies to certified classes but questioning whether a court order was required for a voluntary dismissal in this pre-certification case in light of Diaz v. Trust Territory of the Pacific Islands, 876 F.2d 1401 (9th Cir. 1989), a case pre-dating the 2003 amendment to Rule 23(e) wherein the rule was changed to apply only to a "certified class" and holding that Rule 23(e) applies before certification.  The Court noted that Diaz and post-amendment cases following it "arose in the context of settlements and stipulated dismissals, which may well pose a greater danger of harm to absent members of the putative class than under the circumstances here, where Plaintiffs dismissed the case with no agreement from Defendants, and continued to pursue the claims on behalf of the class through a demand for class arbitration.  Therefore, it is even more unlikely that the Court's approval is required to protect absent putative class members here."

Nevertheless, the Court found it "prudent" to consider whether Plaintiffs' involuntary dismissal was appropriate under Rule 23(e):

> . . . the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own

2

interests.

Diaz v. Trust Territory of the Pacific Islands, 876 F.2d 1401, 1408 (9th Cir. 1989).  Because the Court lacked sufficient information to apply these factors, it ordered further briefing from both sides.  Having considered the parties' supplemental briefing on the Diaz factors, the Court holds that dismissal of the complaint is appropriate even assuming Rule 23(e) applies.  This is especially true where, as here, Rule 23(e)'s requirements apply, if at all, in a much lighter form that does not entail "the kind of substantive oversight required when reviewing a settlement binding upon the class."  Id.

Defendants first contend that the Court should void Plaintiffs' voluntary dismissal and not consider whether the Court would grant Plaintiffs' request to voluntarily dismiss the case under Rule 23(e) if Plaintiffs had properly presented one.  However, Plaintiffs agree that arbitration is the proper forum for their claims, and Defendants could argue their position about the arbitrability of classwide versus individual claims in the arbitration forum or state court instead of before this court.  Additionally, both sides have now had a full opportunity to brief the issue of whether dismissal under Rule 23(e) is appropriate, so it would be highly inefficient to require Plaintiffs to file a noticed motion at this point.[1]

Alternatively, Defendants argue that dismissal of the case is improper under the second and third Diaz factors ("lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations" and "concession of class interests made by the class representative or counsel in order to further their own interests").[2]  Specifically, they contend that Plaintiffs have prejudiced putative class members by failing to pursue PAGA claims in their classwide arbitration demand for self-interested purposes and causing the one-year statute of limitations to run for at least some potential plaintiffs.  However, Defendants do not explain why

---

[1] In support of their position, Defendants argue that Plaintiffs somehow intended to mislead the Court by identifying their dismissal under Rule 41(a) without specifying a subsection.  However, there is only one subsection applicable to voluntary dismissal without a court order, Rule 41(a)(1)(A)(i), so this argument is frivolous.

[2] Defendants do not argue the first Diaz factor, or otherwise contend that absent members of the class relied on the filing of this action.

they believe it is in the class representative or counsel's self-interest to abandon the PAGA claim in arbitration, rather than for other tactical reasons.  Defendants also do not explain why they believe the statute of limitations has continued to run on this claim during this litigation, given caselaw suggesting that the statute of limitations may have been tolled for absent class members while the action was pending.  See Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 554 (1974) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action" ).  Finally, given that this litigation was only pending for two months, it is unclear whether any or how many class members' PAGA claims would be barred by the statute of limitations or why their rights would not be protected by their ability to pursue related claims.

Defendants also argue that dismissal should not be approved because Plaintiffs have caused unnecessary delay and expense to the detriment of putative class members because Plaintiffs could have presented arguments in favor of classwide arbitrability in their opposition to Defendants' initial motion to compel arbitration, rather than dismissing the case and demanding AAA arbitration, which in turn required Defendants to file a new petition to compel arbitration of individual claims.  Defendants cite cases where courts have refused to dismiss class actions based on procedural gamesmanship of Plaintiffs' counsel, but both cases cited involved far more egregious efforts at forum-shopping than appears to be the case here.  See Goldstein v. Delgratia Min. Co., 176 F.R.D. 454, 458 (S.D.N.Y. 1997) (refusing to approve voluntary dismissal of class action in response to motion to transfer litigation to MDL where "Plaintiff's hands are so sully with untruths, misrepresentations and brazen failure to deal with the facts, he represents a striking example of a plaintiff caught with unclean hands" and "[i]n light of Plaintiff's farrago of misrepresentations and blatant bare faced violence to the facts, this Court finds it imprudent to deal with Plaintiff's motion on its merits because the merits, if any, have been so totally obscured to mislead this Court."); Hamm v. Rhone-Poulenc Rorer Pharm. Inc., 176 F.R.D. 566, 571 (D. Minn. 1997) aff'd sub nom. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941 (8th Cir. 1999) (requiring court approval of voluntary dismissal of RICO complaint "both because Rule 23(e) applies and a motion for summary judgment has been considered" and denying approval

because plaintiffs chose to bring action in district where no party had a substantial connection to the state and only sought to dismiss in the face of adverse authority on their RICO claims, and allowing dismissal at that juncture "would waste the substantial efforts expended by the magistrate judge and this court and would prejudice the defendants by depriving them of a valid defense."). These cases do not limit this Court's ability to approve dismissal of the complaint in this case. For all of the foregoing reasons, Plaintiff's voluntary dismissal of the complaint before this Court is approved and the case is dismissed.

Defendants also argue that case 15-cv-1078 currently should be related to this case under Local Rule 3-12. Relating cases is intended to prevent "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Local Rule 3-12(a)(2). Given that the case before this Court was dismissed before any substantive work on the case occurred, there is no risk of duplication of labor or expense by the Court or the parties. The cases are not related.

**IT IS SO ORDERED.**

Dated: April 20, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge

5